UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

CARLTON LLEWELLYN,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SUPERSEDING INFORMATION**

S6 23 Cr. 133 (JMF)

## COUNT ONE

**(Conspiracy to Commit Wire Fraud)**

The United States Attorney charges:

1. From at least in or about 2019 through in or about July 2021, in the Southern District of New York and elsewhere, CARLTON LLEWELLYN, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

2. It was a part and an object of the conspiracy that CARLTON LLEWELLYN, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, LLEWELLYN and others secretly received money and other items of value paid by owners of certain vendors and

customers of Polar Air Cargo Worldwide, Inc. ("Polar") in exchange for, among other things, advocating for and securing favorable contracts, shipping rates, and other incentives from Polar for the benefit of those vendors and customers.

### Overt Acts

3. In furtherance of the conspiracy and to effect its illegal objects, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

　　a. On or about March 8, 2019, CARLTON LLEWELLYN, the defendant, sent an email to individuals involved in making procurement decisions for Polar directing them to issue a request for proposal for a particular vendor contract to a company, and identifying that company's nominal owner, when LLEWELLYN knew that the company was, in fact, owned and controlled not just by the nominal owner but by LLEWELLYN and his coconspirators.

　　b. Between approximately 2019 and approximately 2021, an owner of a trucking vendor (the "Trucking Vendor") of Polar caused in excess of approximately $1 million to be paid to a limited liability company controlled by LLEWELLYN and his coconspirators, in exchange for, among other things, advocating for a favorable contract and other benefits from Polar for the benefit of the Trucking Vendor.

　　c. On or about August 7, 2020, LLEWELLYN sent an email to, among others, individuals involved in making procurement decisions for Polar advocating awarding a favorable contract to the Trucking Vendor without putting the contract out for competitive bidding.

　　d. On or about January 5, 2021, LLEWELLYN sent an email to, among others, individuals involved in making procurement decisions for Polar advocating awarding a favorable contract to the Trucking Vendor despite the substantial additional costs that were to result from the contract.

(Title 18, United States Code, Section 371)

## FORFEITURE ALLEGATION

4. As a result of committing the wire fraud conspiracy alleged in Count One of this Superseding Information, CARLTON LLEWELLYN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 981;
> Title 21, United States Code, Sections 853; and
> Title 28, United States Code, Section 2461.)

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney